LMN:KKO/MFS/BM
F.#2010R00462

FILED
CLERK

2010 OCT 14  AM 10: 53

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

PAUL TOOMEY,

           Defendant.

- - - - - - - - - - - - - - - - -X

I N F O R M A T I O N

Cr. No. 10-760(RJD)(CLP)
(T. 18, U.S.C.,
§§ 981(a)(1)(C), 1349 and
3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

       At all times relevant to this Information, unless otherwise indicated:

The Victim Companies

       1.    AT&T Inc. ("AT&T") was a company providing customers with wireless voice and data services, among other services. In connection with its wireless services, AT&T provided customers with wireless devices such as cellular telephones and personal digital assistants. To facilitate the servicing of customers and their accounts, AT&T allowed authorized dealers to access and update customer information via an Internet-based database called "POS.com".

       2.    Asurion Protection Services, LLC ("Asurion") was an insurance company that offered wireless device insurance

coverage to customers of AT&T and other wireless communication service companies.

Private and Commercial Interstate Mail Carrier

3. Federal Express ("FedEx") was a private and commercial interstate mail carrier providing express mail services. Defendant PAUL TOOMEY was employed by FedEx as a driver.

The Fraudulent Scheme

4. As part of a scheme and artifice to defraud AT&T and Asurion and their customers, the defendant PAUL TOOMEY, together with others, fraudulently obtained wireless devices from AT&T without payment.

5. As part of the scheme to defraud, co-conspirators fraudulently assumed the identities of existing AT&T customers and used various methods to obtain new wireless devices without payment and without the customers' permission, including (1) calling AT&T, adding new lines of service to existing customers' accounts, and requesting new wireless devices to support the new lines, (2) calling AT&T, falsely claiming that a wireless device subscribed to an existing customer was damaged or defective and requesting replacement wireless devices, and (3) calling AT&T and Asurion, falsely claiming that existing customers' wireless devices were lost or stolen and requesting new wireless devices pursuant to AT&T's insurance program with Asurion.

6. As a result of these fraudulent requests for new wireless devices, AT&T shipped new or replacement wireless devices for express mail delivery by FedEx and other private express mail carriers. FedEx shipments from AT&T were generally shipped to addresses along the routes of FedEx drivers, including defendant PAUL TOOMEY, who diverted these packages to other participants in the fraudulent scheme in return for payment.

7. It was a further part of the scheme to defraud that, when charges were incurred on the fraudulently obtained devices, the charges were billed to existing AT&T customers' accounts. When the customers reported or confirmed the fraud on their accounts to AT&T or Asurion, AT&T absorbed the losses, which included the cost of the devices, insurance payments, shipping costs and wireless service and other calling charges.

## CONSPIRACY TO COMMIT MAIL FRAUD

8. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

9. On or about and between September 1, 2005 and April 30, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PAUL TOOMEY, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud AT&T and Asurion and their customers, and to obtain money and property from them by means of materially false and fraudulent

pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause matter to be deposited and to be sent and delivered by private and commercial interstate carrier, and to take and receive matter therefrom, to wit: diverting packages containing wireless devices shipped by AT&T via FedEx, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### FORFEITURE ALLEGATION

10. The United States hereby gives notice to the defendant PAUL TOOMEY that, upon his conviction of the charged offense described in this information, the government will seek forfeiture of all proceeds of the charged scheme, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK